BYBEE, Circuit Judge,
dissenting:
I agree with the majority that the district court erred under Federal Rule of Civil Procedure 23(h) in setting the schedule for objecting to counsel’s fee request. However, I respectfully dissent because I believe that the New York State Teachers’ Retirement System (“the Teachers”) waived this argument.
Although we have discretion to reach waived issues where “the issue presented is purely one of law,” Bolker v. Comm’r of Internal Revenue, 760 F.2d 1039, 1042 (9th Cir.1985), I would decline to exercise that discretion in this case. As the majority recognizes, the Teachers raised no objection in the district court to the schedule for objecting to attorneys’ fees despite being given notice of the briefing schedule on July 2, 2008, and despite filing a general objection to counsel’s fee application on August 28, 2008. Although the Teachers complain that they could not reasonably have objected to counsel’s fee application until counsel filed a memorandum in support of the application for attorney’s fees on September 18, 2008, the Teachers eer *996 tainly could have objected to the schedule before that date. Moreover, the Teachers’ actual objection to counsel’s fee application was composed almost entirely of boilerplate allegations and contained almost no discussion of the case at hand. Although the Teachers had not yet been presented with details on the ins and outs of counsel’s work, I see no reason why they could not have described more specifically why counsel’s services did not merit 25 percent of the settlement fund. Finally, even after counsel filed a memorandum detailing the hours worked on each case by each firm, the Teachers did not file any papers addressing this memorandum, and did not even show up to the district court’s settlement fairness hearing on September 25, 2008.
In short, the Teachers were not at all diligent in presenting their arguments to the district judge. And given that district judges, due to their familiarity with counsel’s work, are in a far better position than appellate courts to adjudicate attorney’s fees disputes, I believe it is important to encourage parties in Teachers’ position to raise issues with respect to attorney’s fees with the district court. Thus, this seems to me the prototypical context for enforcement of our waiver doctrine.
I respectfully dissent.